# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| **FOR COURT USE ONLY** |
| *(SOLO PARA USO DE LA CORTE)* |

Date 3-2-17
Time
Served Scott WWMN
By: [signature]
Process Server/Private Investigator
Bringhurst Process Service 801-561-4276
60 E Claybourne Ave Salt Lake City

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 1 5 2017

G. Griffin

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WISE COMPANY INC.

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NICHOLAS MILLER and JEFFREY BORNEMAN, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | **CASE NUMBER:** *(Número del Caso):*<br>**RIC 1702659** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Nance F. Becker
Mark A. Chavez
(415) 381-5599

Chavez & Gertler LLP
42 Miller Avenue, Mill Valley, CA 94941
(See Complaint for Additional Plaintiffs' Attorneys)

| | | | |
|---|---|---|---|
| DATE: FEB 1 5 2017<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **Glory Griffin** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Martin Dean's
**ESSENTIAL FORMS™**

Miller

**REMOVAL EXHIBIT A 001**

1    CHAVEZ & GERTLER LLP
     Mark A. Chavez (Bar. No. 90858)
2    Nance F. Becker (Bar. No. 99292)
     42 Miller Ave.
3    Mill Valley, California 94941
     Tel: (415) 381-5599 / Fax: (415) 381-5572
4
     BRAUN LAW GROUP, P.C.
5    Michael D. Braun (Bar No. 167416)
     1999 Avenue of the Stars, Ste. 1100
6    Los Angeles, California 90067
     Tel: (310) 836-6000 / Fax: (310) 836-6010
7
     LAW OFFICES OF ANDREW KIERSTEAD
8    Andrew S. Kierstead (Bar. No. 132105)
     1001 SW 5th Avenue, Suite 1100
9    Portland, Oregon 97204
     Tel: (508) 224-6246 / Fax: (508) 244-4356
10
11   Attorneys for Plaintiffs and the Proposed Class

12

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                           COUNTY OF RIVERSIDE

15                          UNLIMITED JURISDICTION

16                                    )  Case No: **RIC 1702659**
     NICHOLAS MILLER and JEFFREY     )
17   BORNEMAN, individually and on behalf of  )  **CLASS ACTION**
     all others similarly situated,    )
18                                    )  **CLASS ACTION COMPLAINT FOR**
                                      )  **DAMAGES, RESTITUTION,**
19              Plaintiffs,            )  **DECLARATORY AND INJUNCTIVE**
                                      )  **RELIEF**
20        v.                          )
                                      )
21   WISE COMPANY INC., and DOES 1 through)
     10, inclusive,                   )
22                                    )  **JURY TRIAL DEMANDED**
                Defendant.            )
23   _____)

24

25

26

27                                      By Fax

28

_____
CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 002**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 15 2017

G. Griffin

1    Plaintiffs, by their attorneys, bring this class action against Defendant Wise Company Inc.

2    ("Defendant" or "Wise Company"), on their own behalf and on behalf of all others similarly

3    situated, and allege as follows:

### INTRODUCTION

5    1.    This is a class action filed by Plaintiffs on behalf of themselves and all others

6    similarly situated who have suffered and will continue to suffer harm as a result of Wise

7    Company's unlawful, unfair, and deceptive advertising and business practices. It arises out of

8    Wise Company's material misrepresentations and omissions in connection with the marketing and

9    sale of its long-term and emergency food kits, which it touts as disaster preparedness solutions.

10   Specifically, Wise Company represents on its website, its packaging, and other marketing

11   materials that these food kits will last for and healthily sustain consumers for the advertised

12   periods of time. However, Wise Company fails to disclose that if the consumer in fact eats the

13   number of prescribed servings each day necessary to make the food kits last for the advertised

14   period of time, the consumer will effectively starve or suffer adverse health effects given that the

15   food kits provide drastically fewer calories and nutrients than are needed to adequately sustain

16   adults for the advertised periods of time.

17   2.    Wise Company's misrepresentations and omissions violate the Consumers Legal

18   Remedies Act, Civil Code §§ 1750, *et seq.* (the "CLRA") and the False Advertising Law,

19   Business & Professions Code §§ 17500, *et seq.* (the "FAL"), and constitute unlawful, unfair, and

20   fraudulent business practices that violate the Unfair Competition Law, Business & Professions

21   Code §§ 17200, *et seq.* (the "UCL"). Plaintiffs seek actual damages, restitution,  and injunctive

22   and declaratory relief to redress Wise Company's wrongful conduct. Plaintiffs are also entitled to

23   attorneys' fees and costs pursuant to Civil Code § 1780, subdivision (e) and Code of Civil

24   Procedure § 1021.5.

### PARTIES

26   3.    Plaintiff Nicholas Miller is a resident of Palm Desert, California. On October 21,

27   2015, Mr. Miller purchased for his personal use Wise Company's 56 serving "grab and go" entrée

28   and breakfast pack for $124.99 plus $16.00 shipping and handling through Wise Company's

1

**REMOVAL EXHIBIT A 003**

1    website.

2         4.      Plaintiff Jeffrey Borneman is a resident of Los Angeles, California. On June 14,

3    2016, Mr. Borneman purchased for his personal use Wise Company's One-Month Emergency

4    Food Box for One Person for $79.99 through Wise Company's website.

5         5.      Defendant Wise Company Inc. is a Utah corporation that is headquartered in Salt

6    Lake City, Utah. Wise Company sells its products through its website, as well as in retail stores

7    throughout California such as Walmart, Costco and Sam's Club.

8         6.      Defendants Does 1 through 10 are individuals and entities whose names and

9    identities are presently unknown to Plaintiffs, who therefore sue them by such fictitious names.

10   Plaintiffs are informed and believe and on that basis allege that each of the fictitiously named

11   Defendants participated in the wrongful conduct described herein, is responsible for the harm

12   alleged, and is jointly and severally liable to Plaintiffs the class members. Plaintiffs will amend

13   this Complaint to state the true names and identities of such fictitiously named Defendants if and

14   when they are ascertained.

15                          **JURISDICTION AND VENUE**

16        7.      Jurisdiction in this Court is proper because Plaintiffs are California residents and

17   because Wise Company conducts business in California including in Riverside County. Wise

18   Company contracts with affiliates in California such as Walmart, Costco, and Sam's Club that sell

19   Wise Company's products to California consumers at retail locations throughout the state.

20   Moreover, Wise Company has actively and directly marketed its products to California

21   consumers, including but not limited to maintaining a blog on its website that highlights various

22   impending disasters in California such as earthquakes, wildfires, and flooding and recommending

23   Wise Company long-term and emergency food kits as a part of any California resident's disaster

24   planning.[1] Plaintiffs are informed and believe, and on that basis allege, that a substantial portion

25   of Wise Company's sales of long-term and emergency food kits are made to California residents.

26   _____

27   [1] *See, e.g.*, California & Oregon Wildfire Destroy Thousands of Acres This Summer (Nov. 30,
     2015), *at* http://www.wisefoodstorage.com/blog/california-oregon-wildfire-destruction/ (last
     visited August 15, 2016); San Andreas Movie: Would You Be Ready for "The Big One"? (May

28   29, 2015), *at* http://www.wisefoodstorage.com/blog/san-andreas-movie-ready-big-one/ (last
     visited August 15, 2016).

                                       2

CLASS ACTION COMPLAINT

8.     Venue is proper within Riverside County because the transactions at issue occurred, in part, in Riverside County and because Wise Company is a foreign corporation that has not designated a principal office in California and, therefore, may be sued in any county.

## FACTUAL BACKGROUND

9.     Wise Company specializes in the manufacture and sale of "survival food." Operating under the moniker "Be Wise. Be Ready," Wise Company claims to be the "nation's leader in emergency preparedness." The mainstays of Wise Company's product offerings are "Long Term Food Kits" sold in incremental sizes ranging from a "72 Hour Food Supply" to a "12 Month Food Supply."

10.    Plaintiffs are informed and believe, and on that basis allege, that Wise Company markets and sells its products primarily through its website. The products are grouped into such categories as "long-term food kits," "emergency food kits," "meats, fruits & vegetables," and "emergency supplies." Among the "long-term food kits" are such products as the 56-serving entrée and breakfast pack that includes 4 servings of "creamy pasta and vegetable rotini," 4 servings of "chili macaroni," and 12 servings of "apple cinnamon cereal," along with 36 servings of other dishes. There is also a One-Month Emergency Food Box for 1 person. Wise Company's description of these products is designed to lead the consumer to believe that the food kits will last for the period of time for which each kit is named, *i.e.*, one month, three months, etc.

11.    It is well known among nutritionists and dieticians that an adult requires a certain number of calories per day in order to sustain life and avoid starvation or other ill health effects. For example, the United States Department of Agriculture (USDA) and the Department of Health and Human Services (HHS) jointly issue the Dietary Guidelines for Americans (DGA), which is designed to facilitate informed food choices and includes, *inter alia*, authoritative information about caloric requirements. As part of this quinquennial effort, the government publishes the following "Estimated Calorie Needs per Day by Age, Gender and Physical Activity Level" for the

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 005**

U.S. population, which sets forth the minimum daily caloric needs of an average adult in the United States:[2]

| Activity level | Male | | | Female | | |
|---|---|---|---|---|---|---|
| | Sedentary | Moderately active | Active | Sedentary | Moderately active | Active |
| **Age (years)** | | | | | | |
| 2 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| 3 | 1,200 | 1,400 | 1,400 | 1,000 | 1,200 | 1,400 |
| 4 | 1,200 | 1,400 | 1,600 | 1,200 | 1,400 | 1,400 |
| 5 | 1,200 | 1,400 | 1,600 | 1,200 | 1,400 | 1,600 |
| 6 | 1,400 | 1,600 | 1,800 | 1,200 | 1,400 | 1,600 |
| 7 | 1,400 | 1,600 | 1,800 | 1,200 | 1,600 | 1,800 |
| 8 | 1,400 | 1,600 | 2,000 | 1,400 | 1,600 | 1,800 |
| 9 | 1,600 | 1,800 | 2,000 | 1,400 | 1,600 | 1,800 |
| 10 | 1,600 | 1,800 | 2,200 | 1,400 | 1,800 | 2,000 |
| 11 | 1,800 | 2,000 | 2,200 | 1,600 | 1,800 | 2,000 |
| 12 | 1,800 | 2,200 | 2,400 | 1,600 | 2,000 | 2,200 |
| 13 | 2,000 | 2,200 | 2,600 | 1,600 | 2,000 | 2,200 |
| 14 | 2,000 | 2,400 | 2,800 | 1,800 | 2,000 | 2,400 |
| 15 | 2,200 | 2,600 | 3,000 | 1,800 | 2,000 | 2,400 |
| 16 | 2,400 | 2,800 | 3,200 | 1,800 | 2,000 | 2,400 |
| 17 | 2,400 | 2,800 | 3,200 | 1,800 | 2,000 | 2,400 |
| 18 | 2,400 | 2,800 | 3,200 | 1,800 | 2,000 | 2,400 |
| 19–20 | 2,600 | 2,800 | 3,000 | 2,000 | 2,200 | 2,400 |
| 21–25 | 2,400 | 2,800 | 3,000 | 2,000 | 2,200 | 2,400 |
| 26–30 | 2,400 | 2,600 | 3,000 | 1,800 | 2,000 | 2,400 |
| 31–35 | 2,400 | 2,600 | 3,000 | 1,800 | 2,000 | 2,200 |
| 36–40 | 2,400 | 2,600 | 2,800 | 1,800 | 2,000 | 2,200 |
| 41–45 | 2,200 | 2,600 | 2,800 | 1,800 | 2,000 | 2,200 |
| 46–50 | 2,200 | 2,400 | 2,800 | 1,800 | 2,000 | 2,200 |
| 51–55 | 2,200 | 2,400 | 2,800 | 1,600 | 1,800 | 2,200 |
| 56–60 | 2,200 | 2,400 | 2,600 | 1,600 | 1,800 | 2,200 |
| 61–65 | 2,000 | 2,400 | 2,600 | 1,600 | 1,800 | 2,000 |
| 66–70 | 2,000 | 2,200 | 2,600 | 1,600 | 1,800 | 2,000 |
| 71–75 | 2,000 | 2,200 | 2,600 | 1,600 | 1,800 | 2,000 |
| 76+ | 2,000 | 2,200 | 2,400 | 1,600 | 1,800 | 2,000 |

According to the chart, an adult needs to consume from 1,600 to 3,200 calories per day. These figures reflect the full range of caloric requirements of U.S. adults from an 18-year-old active male to a sedentary female above the age of 76. The average minimum daily caloric for each of these groups are 2,800 and 1,871, respectively.

---

[2] http://www.cnpp.usda.gov/sites/default/files/usda_food_patterns/ EstimatedCalorieNeedsPerDayTable.pdf

4

**REMOVAL EXHIBIT A 006**

12.     Unbeknownst to Plaintiffs and other consumers, Wise Company's long-term and emergency food kits provide *less than half* the daily calories necessary for an average adult to survive. Consequently, a person who credits Wise Company's representations and attempts to survive on one of its "Long-Term Food Kits" for the specified period of time faces serious physical and mental health risks, including dehydration, hypothermia, hypotension, impaired renal and liver function, depression, and impaired cognition. Wise Company, which holds itself out as an expert in survival preparedness, misrepresents that its Long-Term Food Kits will healthily sustain an adult for the advertised period of time, and never discloses to consumers that eating the number of servings necessary to make its food kits last for the advertised period of time will result in adverse consequences.

### FACTS SPECIFIC TO PLAINTIFF MILLER

13.     On October 21, 2015 Plaintiff Miller visited the Wise Company website. After reviewing the representations on the website for the Long-Term Food Kits, Plaintiff Miller purchased the 56-serving entrée and breakfast pack. On the product web page,[3] Wise Company represented that the entrée and breakfast pack was "[e]nough to feed 1 person for 1 month or 4 adults for 1 week at 2 servings per day." This representation was reiterated graphically under the product description.

**Figure 1**



How many people will this feed and for how long?

How long will 56 servings last?    1 Week    4 Weeks    4 Week Supply 2 SERVINGS / DAY    1 Week Supply 2 SERVINGS / DAY

14.     Based on the representation that the entrée and breakfast pack was enough to feed 1 person for 1 month or 4 adults for 1 week at 2 servings per day, Mr. Miller decided to purchase that pack, paying $124.99 for the pack plus $16.00 shipping and handling.

---

[3] A printout of the page as it existed in October 2015 is attached hereto as Exhibit A.

5

**REMOVAL EXHIBIT A 007**

15.     Despite the representation that the 56-serving entrée and breakfast pack contains enough food to feed one person for one month or four adults for one week, the pack contains only 13,600 calories. This amounts to an average of only 453 calories per day over 30 days. An adult male, however, requires at least 2,000 calories a day according to the DGA, while an adult female requires at least 1,600 calories a day. The 56-serving pack, therefore, actually includes only enough to healthily feed one person for five to eight days or four adults for two to three days, not the 30 days represented. Not only are the calories insufficient to sustain the consumer for the advertised period of time, the nutrients provided are also insufficient to provide adequate nourishment, providing far less than 10% of the required vitamins and minerals deemed important for a healthy diet by the U.S. government. Wise Company, however, failed to disclose to Plaintiff Miller, and it continues to fail to disclose in any of its advertising, that portioning the 56-serving entrée and breakfast pack to last the promised one-month period would result in adverse health consequences.

16.     Had Wise Company fully and truthfully disclosed that its 56-serving emergency food supply pack is not sufficient to healthily feed one adult for a month (or four adults for one week), Plaintiff Miller would not have purchased the pack. Alternatively, he would have paid a lower amount commensurate with the amount of time the food supply would actually last.

**FACTS SPECIFIC TO PLAINTIFF BORNEMAN**

17.     On June 14, 2016, Plaintiff Borneman visited the Wise Company website. After reviewing the representations on the website, including the "One Month Emergency Food Box for 1 Person," Plaintiff Borneman purchased the box. On the product web page, Wise Company represented that (as implied in its name) the box would feed one person for one month. This representation is reiterated graphically in the product description on the product webpage:



**Figure 2**

6

**REMOVAL EXHIBIT A 008**

18.     Despite the representation that the One Month Emergency Food Box was enough to feed one person for one month or four adults for one week at two servings a day, the box provides only 18,680 calories, which amounts to an average of only 622 calories per day over 30 days. An adult male, however, requires at least 2,000 calories a day according to the DGA, while an adult female requires at least 1,600 calories a day. The One Month Emergency Food Box, therefore, actually contains only enough to feed one person for 7-10 days based on the DGA. Not only are the calories insufficient to sustain the consumer for the advertised period of time, the nutrients provided in the One Month Emergency Food Box are also insufficient to provide adequate nourishment, providing far less than 10% of the required vitamins and minerals deemed important for a healthy diet by the U.S. government. Wise Company, however, failed to disclose to Plaintiff Borneman, and it continues to fail to disclose in any of its advertising, that portioning the One Month Emergency Food Box to last one month would result in adverse health consequences.

19.     Had Wise Company fully and truthfully disclosed that the One-Month Emergency Food Box is not sufficient to healthily feed one adult for a month, Plaintiff Borneman would not have purchased the pack. Alternatively, he would have paid a lower amount commensurate with the amount of time the food supply would actually last.

## CLASS ACTION ALLEGATIONS

20.     Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers pursuant to California Code of Civil Procedure section 382, and seek certification of the following class:

> All persons who purchased a Wise Company Long-Term Food Kit or Emergency Food Kit in California from four years prior to the filing of this Complaint through to the date of class certification.

Excluded from the Class are: (i) Wise Company employees, principals, affiliated entities, legal representatives, and their successors and assigns; and (ii) the judge(s) to whom this action is assigned and any members of their immediate families. Plaintiffs are informed and believe and on that basis allege that there are more than 100 members of the class, and that such members reside in multiple Counties. Joinder of all members of the class would, therefore, be impracticable. The

7

**REMOVAL EXHIBIT A 009**

1  class members are ascertainable as their names and addresses can be identified from Wise

2  Company's and its affiliates' business, sales and shipping records. Plaintiffs do not anticipate any

3  difficulties in the management of the action as a class action.

4       21.    There is a well-defined community of interest in the questions of law and fact

5  affecting the parties represented in this action. Common questions of law and fact exist as to all

6  members of the class that predominate over questions affecting only individual class members.

7  The common legal and factual questions include, but are not limited to, the following:

8          a.  Whether Wise Company represented that its Long-Term and

9              Emergency Food Kits contained enough food to sustain an adult

10              for the advertised periods of time, and whether those

11              representations were untrue;

12          b.  Whether Wise Company failed to disclose that eating the number

13              of servings necessary to make its Long-Term and Emergency

14              Food Kits last for the advertised periods of time would result in

15              adverse health consequences;

16          c.  Whether Wise Company's omissions and false representations

17              violate the CLRA;

18          d.  Whether Wise Company's false representations and omissions

19              were likely to deceive the public in violation of the FAL;

20          e.  Whether Wise Company engaged in unlawful, unfair, and/or

21              fraudulent business practices in violation of the UCL; and

22          f.  The appropriate measure of damages, restitutionary disgorgement

23              and/or restitution.

24       22.    Plaintiffs' claims are typical of the claims of the members of the class because of

25  the similarity, uniformity, and common purpose of Wise Company's conduct. Each class member

26  has sustained, and will continue to sustain economic injuries in the same manner as a result of

27  Wise Company's conduct. Plaintiffs are advancing the same claims and legal theories on behalf of

28  themselves and all members of the class. Plaintiffs were consumers who purchased a Wise

8

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 010**

1   Company Long-Term or Emergency Food Kit that Wise Company represented contained enough

2   food to feed an adult for the advertised period of time but which did not in fact contain enough

3   food to last for that period of time. The Wise Company's website and marketing materials were

4   disbursed generally to all potential customers, and Wise Company misrepresented each of its

5   Long-Term and Emergency Food Kits in the same way. Plaintiffs, therefore, are no different in

6   any material respect from any other class member who purchased the same or similar products,

7   and the relief sought is common to the class.

8       23.     Plaintiffs are adequate representatives because their interests do not conflict with

9   the interests of the members of the class they seek to represent. Plaintiffs have retained counsel

10  competent and experienced in conducting complex class action litigation such as the present

11  action. Plaintiffs and their counsel can and will adequately protect the interests of the class.

12      24.     A class action is superior to other available means for the fair and efficient

13  adjudication of this controversy. The damages suffered by each class member are relatively small,

14  especially given the relatively small cost of the food kits at issue in comparison to the burden and

15  expense of individual prosecution of the complex litigation necessitated by Wise Company's

16  conduct. Thus, it would be virtually impossible for members of the class individually to

17  effectively redress the wrongs done to them. Moreover, even if members of the class could afford

18  individual actions, it would still not be preferable to class-wide litigation. Individualized actions

19  present the potential for inconsistent or contradictory judgments. By contrast, a class action

20  presents far fewer management difficulties and provides the benefits of a single adjudication,

21  economies of scale, consistent treatment, and comprehensive supervision by a single court.

22                      **FIRST CAUSE OF ACTION**

23  **(Violation of the Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*)**

24      25.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

25      26.     Plaintiffs and each member of the proposed class are "consumers" within the

26  meaning of Civil Code § 1761, subdivision (d).

27      27.     The purchases of the Wise Company's Long-Term and Emergency Food Kits by

28  consumers constitute "transactions" within the meaning of Civil Code § 1761, subdivision (e) and

9

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 011**

the food kits constitute "goods" within the meaning of Civil Code § 1761, subdivision (a).

28.     Wise Company has violated, and continues to violate, the CLRA in at least the following respects:

    a.  Wise Company has represented that the transactions had characteristics which they did not have, in violation of Civil Code § 1770, subdivision (a)(5);

    b.  Wise Company has represented that its Long-Term and Emergency Food Kits were of a particular standard, quality or grade, which they were not, in violation of Civil Code § 1770, subdivision (a)(7); and

    c.  Wise Company has advertised its Long-Term and Emergency Food Kits with the intent not to provide what it advertised, in violation of Civil Code § 1770, subdivision (a)(9).

29.     Wise Company knew, or should have known, that its representations as described herein violate consumer protection laws, and that these statements would be relied upon by consumers, including Plaintiffs and the members of the class. Wise Company, as a purveyor of disaster preparedness and survival products, including Long-Term and Emergency Food Kits, intended and had reason to know that consumers would rely on its expertise, skill and judgment to design and furnish goods that were suitable for the purposes for which they were advertised. Notwithstanding that knowledge, Wise Company intentionally named, advertised, marketed, and sold its Long-Term and Emergency Food Kits as lasting for specific periods of time when they clearly would not.

30.     At all times, Wise Company had a duty to disclose that the calories and nutritional values provided in its Long-Term and Emergency Food Kits were inadequate to last for the advertised periods of time. As compared to Plaintiffs and the average consumer, Wise Company had superior knowledge regarding nutrition generally, what was required to healthily sustain a person in the event of a disaster or emergency, and the caloric and nutritional value of its own food products. Moreover, Wise Company made partial representations regarding the Long-Term and Emergency Food Kits while suppressing other material facts, namely that the food kits did not in fact contain enough food to last for the advertised periods, and that portioning them out to

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 012**

1   do so would result in adverse health effects.

2       31.    The above representations and failures to disclose were made to Plaintiffs and all

3   members of the class. As set forth above, Plaintiffs reasonably relied on Wise Company's

4   representation that its Long-Term and Emergency Food Kits would last the period of time

5   advertised in the name of the product, and contained food to healthily feed an adult for the

6   advertised periods of time. Such representations would be material to a reasonable consumer in

7   the market for long-term and emergency food kits. Given the materiality of the representations,

8   reliance may be presumed or inferred for all members of the class. As a result, Plaintiffs and

9   members of the class have suffered damages based on the difference in value between the Long-

10  Term and Emergency Food Kits as represented, and the lower value they in fact had, and have

11  also suffered other damages in an amount to be proven at trial.

12      32.    Plaintiffs request that this Court enjoin Wise Company from continuing to engage

13  in the unlawful and deceptive methods, acts and practices alleged above, pursuant to California

14  Civil Code § 1780, subdivision (a)(2). Unless Wise Company is permanently enjoined from

15  continuing to engage in such violations of the CLRA, future consumers of Wise Company's food

16  products will be damaged by its acts and practices in the same way as have Plaintiffs and the

17  members of the class.

18      33.    On January 12, 2016, Plaintiff Miller, through his counsel and pursuant to Civil

19  Code § 1782, sent Wise Company via certified mail a letter notifying Wise Company of its

20  violations of the CLRA and demanding that Wise Company repair, or otherwise rectify, problems

21  associated with its illegal behavior which are in violation of the CLRA. Wise Company never

22  responded.

23      34.    Pursuant to Civil Code section 1780, subdivision (a), Plaintiffs and members of the

24  class are entitled to an award of actual damages as well as an injunction prohibiting Wise

25  Company from continuing to deceptively market the long-term and emergency food kits.

26  Plaintiffs are also entitled to an award of their reasonable attorneys' fees and costs pursuant to

27  Civil Code § 1780, subdivision (e).

28  //

11

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 013**

**SECOND CAUSE OF ACTION**

**(False Advertising in Violation of Cal. Business & Professions Code §§ 17500, *et seq.*)**

35.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

36.     Wise Company uses advertising on its website and on the packaging of its Long-Term and Emergency Food Kits to sell these food kits.

37.     The advertising disseminated by Wise Company is deceptive, untrue, and/or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.* because it misrepresents the truth, omits material information, and is likely to deceive members of the general public.

38.     In making and disseminating the false advertising alleged herein, Wise Company knew or should have known that the statements were untrue and/or misleading, and it acted in violation of California Business & Professions Code §§ 17500, *et seq.*

39.     The misrepresentations and omissions by Wise Company of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of California Business & Professions Code §§ 17500, *et seq.*

40.     Through its deceptive acts and practices, Wise Company has improperly and illegally obtained money from Plaintiffs and members of the class, and has been unjustly enriched. Plaintiffs are entitled to restitution of all such money as well as an injunction prohibiting Wise Company from continuing to violate the FAL, as discussed above. Otherwise, Plaintiffs and those similarly situated will continue to be harmed by Wise Company's false and/or misleading advertising.

41.     Pursuant to California Business & Professions Code § 17535, Plaintiffs seek an order directing Wise Company to reform its advertising so as fully to disclose the true facts. Plaintiffs additionally request an order requiring Wise Company to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Wise Company by means of such acts of false advertising, plus interest, which ill-gotten gains are still retained by Wise Company. Members of the class and the general public may be irreparably harmed, and Plaintiffs

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 014**

1  and class members will be denied an effective and complete remedy if such an order is not

2  granted.

3     42.    A successful outcome in this action will result in the enforcement of important

4  rights affecting the public interest by protecting the general public from unlawful and unfair

5  practices and adverse health effects, promoting honest and fair competition, and maintaining the

6  integrity of other vendors who sell long-term and emergency food kits in this state, who might

7  otherwise be tempted to engage in unlawful and unfair practices. This action will result in a

8  significant public benefit through the issuance of an injunction against unlawful and unfair

9  business practices. Unless this complaint is prosecuted, Wise Company's activities will go un-

10 remedied and will continue, and California consumers will continue to be victimized by Wise

11 Company' unlawful and unfair business practices. Plaintiffs are, accordingly, entitled to an award

12 of attorneys' fees and costs in prosecuting this action under Code of Civil Procedure § 1021.5, as

13 well as to the other relief prayed for herein.

14                    **THIRD CAUSE OF ACTION**

15   **("Unlawful" Business Practices in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

16     43.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

17     44.    The UCL defines unfair business competition to include any "unlawful, unfair or

18 fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

19 Cal. Bus. Prof. Code § 17200.

20     45.    A business act or practice is "unlawful" if it violates any established state or

21 federal law.

22     46.    By committing the unlawful acts and practices alleged above, Wise Company has

23 violated the Consumers Legal Remedies Act and the False Advertising Law and therefore has

24 engaged, and continues to engage, in unlawful business practices within the meaning of California

25 Business and Professions Code §§ 17200, *et seq.*

26     47.    Through its unlawful acts and practices, Wise Company has obtained, and

27 continues to obtain, money from members of the class. Plaintiffs and class members are entitled

28 to restitution of all such money as well as an injunction prohibiting Wise Company from

13

**REMOVAL EXHIBIT A 015**

1   continuing to violate the UCL or violating it in the same fashion in the future as discussed herein.

2   Otherwise, members of the class and the general public may be irreparably harmed and/or denied

3   an effective and complete remedy if such an order is not granted.

4        48.    A successful outcome in this action will result in the enforcement of important

5   rights affecting the public interest by protecting the general public from unlawful and unfair

6   practices, promoting honest and fair competition, and maintaining the integrity of other vendors

7   who sell long-term and emergency food kits in this state who might otherwise be tempted to

8   engage in unlawful and unfair practices. This action will result in a significant public benefit

9   through the issuance of an injunction against unlawful and unfair business practices. Unless this

10  complaint is prosecuted, Wise Company's activities will go un-remedied and will continue, and

11  California consumers will continue to be victimized by Wise Company' unlawful and unfair

12  business practices. Plaintiffs are, accordingly, entitled to an award of attorneys' fees and costs in

13  prosecuting this action under Code of Civil Procedure § 1021.5, as well as to the other relief

14  prayed for herein.

15  **FOURTH CAUSE OF ACTION**

16  **("Fraudulent" Business Practices in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

17       49.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

18       50.    The UCL defines unfair business competition to include any "unlawful, unfair or

19  fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

20  Cal. Bus. & Prof. Code §17200.

21       51.    A business act or practice is "fraudulent" under the UCL if it actually deceives or

22  is likely to deceive members of the public.

23       52.    Wise Company's acts and practices of advertising, promoting and labeling its

24  Long-Term and Emergency Food Kits has the effect of misleading consumers into believing the

25  products are something they are not.

26       53.    As a result of the conduct described above, Wise Company has been, and will

27  continue to be, unjustly enriched at the expense of Plaintiffs and members of the class.

28  Specifically, Wise Company has been unjustly enriched by the profits it has obtained from

**REMOVAL EXHIBIT A 016**

1  Plaintiffs and members of the class from the purchases of the Wise Company's long-term and
2  emergency food kits.

3      54.    Through its unfair acts and practices, Wise Company has improperly obtained, and
4  continues to obtain, money from Plaintiffs and members of the class. Plaintiffs are entitled to
5  restitution of all such money as well as an injunction prohibiting Wise Company from continuing
6  to violate the UCL or violating it in the same fashion in the future as discussed herein. Otherwise,
7  members of the class and the public may be irreparably harmed and Plaintiffs and class members
8  will be denied an effective and complete remedy if such an Order is not granted.

9      55.    A successful outcome in this action will result in the enforcement of important
10  rights affecting the public interest by protecting the general public from unlawful and unfair
11  practices, promoting honest and fair competition, and maintaining the integrity of other vendors
12  who sell long-term and emergency food kits in this state who might otherwise be tempted to
13  engage in unlawful and unfair practices. This action will result in a significant public benefit
14  through the issuance of an injunction against unlawful and unfair business practices. Unless this
15  complaint is prosecuted, Wise Company's activities will go un-remedied and will continue, and
16  California consumers will continue to be victimized by Wise Company' unlawful and unfair
17  business practices. Plaintiffs are, accordingly, entitled to an award of attorneys' fees and costs in
18  prosecuting this action under Code of Civil Procedure § 1021.5, as well as to the other relief
19  prayed for herein.

20  **FOURTH CAUSE OF ACTION**

21  **("Unfair" Business Practices in Violation of Cal. Bus. & Prof. Code §§ 17200, _et seq._)**

22      56.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

23      57.    The UCL defines unfair business competition to include any "unlawful, unfair or
24  fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.
25  Cal. Bus. Prof. Code § 17200.

26      58.    A business act or practice is "unfair" under the UCL if the reasons, justifications
27  and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged
28  victims.

15

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 017**

59.     Wise Company has violated and continues to violate the "unfair" prong of the UCL through its misleading representations regarding its Long-Term and Emergency Food Kits as sufficient to feed an adult for the advertised period of time when the actual supply of food is only sufficient to feed an adult for a fraction of that time. The gravity of the harm to members of the class resulting from such unfair acts and practices outweighs any conceivable reasons, justifications and/or motives for Wise Company to engage in such deceptive acts and practices. By committing the acts and practices alleged above, Wise Company has engaged, and continues to engage, in unfair business practices within the meaning of California Business and Professions Code §§ 17200, *et seq.*

60.     Through its unfair acts and practices, Wise Company has obtained, and continues to unfairly obtain, money from members of the class. Plaintiffs are entitled to restitution of all such money as well as an injunction prohibiting Wise Company from continuing to violate the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, member of the class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

61.     A successful outcome in this action will result in the enforcement of important rights affecting the public interest by protecting the general public from unlawful and unfair practices and by maintaining the integrity of others that sell long-term and emergency food kits in this state who might otherwise be tempted to engage in unlawful and unfair practices. This action will result in a significant public benefit through the issuance of an injunction against unlawful and unfair business practices. Unless this complaint is prosecuted, Wise Company's activities will go un-remedied and will continue, and California consumers will continue to be victimized by Wise Company' unlawful and unfair business practices. Plaintiffs are, accordingly, entitled to an award of attorneys' fees and costs in prosecuting this action under Code of Civil Procedure § 1021.5, as well as to the other relief prayed for herein.

### FIFTH CAUSE OF ACTION

### (Declaratory Relief)

62.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

16

**REMOVAL EXHIBIT A 018**

63.     An actual controversy has arisen between Plaintiffs and members of the class, on the one hand, and Wise Company, on the other hand, as to their respective rights, remedies and obligations. Specifically, Plaintiffs contend and Wise Company denies, that it has misrepresented its Long-Term and Emergency Food Kits and that it has thereby acted in violation of the CLRA, the FAL, and the UCL. Plaintiffs further allege that they and members of the class have been damaged by Wise Company's actions, and that they are entitled to restitution and damages for the amounts they paid and overpaid for the Long-Term and Emergency Food Kits. Accordingly, Plaintiffs seek a declaration as to the respective rights, remedies, and obligations of the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the other members of the class, request an award and relief as follows:

1.     An order certifying that this action is properly brought and may be maintained as a class action, that Plaintiffs be appointed class representatives, and that Plaintiffs' counsel be appointed class counsel.

2.     Restitution of the amounts that Plaintiffs and all members of the class paid to purchase Wise Company's Long-Term and Emergency Food Kits and restitutionary disgorgement of the profits Wise Company obtained from those transactions.

3.     Compensatory damages for the causes of action for which they are available.

4.     Statutory damages allowable under Civil Code § 1780.

5.     A declaration and order enjoining Wise Company from advertising its Long-Term and Emergency Food Kits misleadingly.

6.     An order awarding Plaintiffs their costs of suit, including reasonable attorneys' fees and pre- and post-judgment interest.

7.     An order requiring an accounting for, and imposition of, a constructive trust upon all monies received by Wise Company as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein.

8.     Such other and further relief as the Court may deem necessary and appropriate.

17

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 019**

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand a trial by jury on all causes of action and/or issues so triable.

3

                                    Respectfully submitted,
4

Dated: February 15, 2017            CHAVEZ & GERTLER LLP
5
                                    BRAUN LAW GROUP, P.C.
6                                   LAW OFFICES OF ANDREW KIERSTEAD

7                                   By: *Nance Becker*

8                                       Nance F. Becker

9                                   *Attorneys for Plaintiffs and the Proposed Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 020**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark A. Chavez (Bar. No. 90858)<br>Nance F. Becker (Bar. No. 99292)<br>CHAVEZ & GERTLER LLP, 42 Miller Ave., Mill Valley, CA 94941<br>(See Complaint for Additional Plaintiffs' Attorneys)<br>TELEPHONE NO.: (415) 381-5599     FAX NO.: (415) 381-5572<br>ATTORNEY FOR *(Name):* Plaintiffs and the Proposed Class | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME: Nicholas Miller and Jeffrey Borneman, individually and on behalf of all others similarly situated v. Wise Company, Inc. and Does 1 -10, inclusive

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **RIC 1702659**<br>JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Five
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 15, 2017

Nance F. Becker                                       ► *(signature)*
_____                       _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Miller

**REMOVAL EXHIBIT A 021**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice-
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book account) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]         *Martin Dean's*
                       **ESSENTIAL FORMS™**         **CIVIL CASE COVER SHEET**                        Page 2 of 2

Miller

**REMOVAL EXHIBIT A 022**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | | |
|---|---|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 | |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 | |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 | |

**RI-030**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Mark A. Chavez (Bar. No. 90858)
Nance F. Becker (Bar. No. 99292)
CHAVEZ & GERTLER LLP
42 Miller Ave., Mill Valley, CA 94941
TELEPHONE NO: 415-381-5599   FAX NO. (Optional): 415-381-5572
E-MAIL ADDRESS (Optional): nance@chavezgertler.com
ATTORNEY FOR (Name): Plaintiffs and the Proposed Class

FOR COURT USE ONLY
**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 1 5 2017

G. Griffin

PLAINTIFF/PETITIONER: Nicholas Miller and Jeffrey Borneman, et al.

DEFENDANT/RESPONDENT: Wise Company, Inc., and Does 1-10

CASE NUMBER:
**RIC 1 7 0 2 6 5 9**

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

*92260*

☒ Pursuant to Local Rule 3115(f)(1) this action is designated as unlimited civil and class-action complex

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

*By Fax*

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   February 15, 2017

Nance F. Becker
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► *Nance Becker*
(SIGNATURE)

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

**REMOVAL EXHIBIT A 023**



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
Self-represented parties: http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

ALTERNATIVE DISPUTE RESOLUTION (ADR) –
*INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

<u>What is ADR?</u>
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

<u>Advantages of ADR:</u>
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

<u>Disadvantages of ADR:</u>
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

<u>Main Types of ADR:</u>

**Mediation:**   In m ediation, t he  mediator listens to   e ach  person's co ncerns, helps th em evaluate the stren gths and  weaknesses of t heir case, and  works with th em to cre ate a settlement agreement that is  acceptable to everyone.  If the p arties do not wish to settle the case, they go to trial.

<u>Mediation may be appropriate when the parties:</u>
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

<u>Mediation is not appropriate when the parties:</u>
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is fina l; ther e is  no rig ht to trial.   In "n on-binding" arbitration, an y party  can request a t rial afte r th e a rbitrator's dec ision.   The c ourt's man datory Jud icial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A (Rev. 1/1/13)

**REMOVAL EXHIBIT A 024**

<u>Arbitration may be appropriate when the parties:</u>
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties:</u>
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**   Settlement c onferences are similar   to me diation, but th e settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Se ttlement conferences often involve attorneys more than the parties and often take place close to the trial date.

<u>RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS</u>

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties m ay schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your sc hedule for d iscovery (g etting th e informat ion you n eed) to make good decisions a bout settlin g the case at mediat ion or pr esenting you r case at a n arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.
   (Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A (Rev. 1/1/12)

**REMOVAL EXHIBIT A 025**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                           FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐  Banning - 311 E. Ramsey Street, Banning, CA 92220
☐  Hemet - 880 N. State Street, Hemet, CA 92543
☐  Indio - 46-200 Oasis Street, Indio, CA 92201
☐  Riverside - 4050 Main Street, Riverside, CA 92501
☐  Temecula - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S): <br><br> DEFENDANT(S):  . | CASE NUMBER: |
|---|---|
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)** <br> **(CRC 3.2221; Local Rule, Title 3, Division 2)** | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐  Mediation                    ☐  Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐  Mediation                    ☐  Judicial Arbitration (non-binding)
☐  Binding Arbitration          ☐  Other (describe):_____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

_____   _____   _____
PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff  ☐ Defendant

_____   _____   _____
PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff  ☐ Defendant

_____   _____   _____
PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff  ☐ Defendant

_____   _____   _____
PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff  ☐ Defendant

☐ Additional signature(s) attached

Page 3 of 3

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1B (Rev. 1/1/12)

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION**

**REMOVAL EXHIBIT A 026**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

4050 Main Street - 2nd Floor

Riverside, CA 92501

www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

MILLER VS WISE COMPANY IN

CASE NO. RIC1702659

This case is assigned to the Honorable Judge Sharon J. Waters in Department 10  for all purposes.

The Case Management Conference is scheduled for 04/17/17 at  8:30 in Department 10.

Department 5 and 10 are located at 4050 Main St, Riverside, CA 92501.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed  in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.   Such correspondence is deposited in the outgoing mail of the Superior Court.   Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

by: _____

GLORY GRIFFIN, Deputy Clerk

Date: 02/15/17

ccadcc
12/11/14

**REMOVAL EXHIBIT A 027**