JS-6

FILED
CLERK, U.S. DISTRICT COURT

2/20/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

NICHOLAS MILLER and JEFFREY BORNEMAN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

WISE COMPANY INC.,

Defendants.

Case No.: 5:17-cv-00616-JAK-PLAx

**JUDGMENT**

IT IS HEREBY ADJUDGED THAT:

1. Judgment shall be entered in favor of Plaintiff and the Class finally approving the Settlement in this matter and incorporating its terms and provisions. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Class consists of all persons who purchased one or more Eligible Products for shipment to California during the period February 15, 2013 through December 31, 2017. The Class is comprised of customers who purchased an Eligible Product directly from Defendant and customers who purchased an Eligible Product through a retailer or distributor other than Defendant. The Settlement excludes from the Class (1) current and former employees, officers and directors of Defendant and its agents, subsidiaries, parents, successors, predecessors and assigns; (2) the judge to whom this case is assigned and the judge's immediate family; and (3) any person who executes and files a timely request for exclusion from the Class.

2. The notice described in the Settlement was adequate and provided the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law. The notice was reasonably calculated to reach actual, potential and likely Class Members, and to direct them to resources informing them of the benefits of the Settlement, the right to exclude themselves from the Class, and the consequences of doing so or not doing so. Thus, all members of the Class who did not elect to exclude themselves in the manner and by the time provided in the notice are bound by this Judgment.

3. The Class meets all requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for certification of the class claims, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Lead Plaintiff and Class Counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority.

4. Defendant Wise Company, Inc. shall pay the claims of the 3430 class members approved by the Settlement Administrator in this matter a total of $522,387.66.

5. Defendant Wise Company, Inc. shall pay Plaintiff Nicholas Miller and Plaintiff Jeffrey Borneman $1000 each in incentive payments for their service as Class Representatives through checks delivered to Chavez & Gertler LLP.

6. Based on a review of the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class.

7. Defendant Wise Company, Inc. shall pay Class Counsel $539,400 in attorneys' fees and $52,725.26 in litigation costs through a payment to Chavez & Gertler LLP for the benefit of Class Counsel.

8. Defendant Wise Company, Inc. shall pay the Settlement Administrator all costs of administering and implementing the Settlement in an amount not to exceed $110,000.

9. The parties shall comply with all terms and provisions of the Settlement.

10. This action shall be dismissed with prejudice and final discharge of any and all Released Claims as against Defendant and all Released Parties.

11. "Released Claims" means any and all direct, individual, or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, common or other law, rule, or regulation that were or could have been asserted against Defendant and its present or former owners, officers, directors, employees, parents, predecessors, successors and assigns that are predicated upon the facts alleged in the Action. This release does not apply to claims for personal injuries.

12. "Released Parties" means Defendant and its present or former owners, officers, directors, employees, parents, predecessors, successors and assigns.

13. Class Members, the successors and assigns of any of them, and anyone claiming through or on behalf of them, are hereby permanently enjoined and barred from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Released Parties.

14. The Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed as to each of the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

15. The Released Parties are hereby permanently enjoined and barred from instituting, commencing or prosecuting, either directly or in any other capacity, any claim arising from or out of the matters giving rise to the Litigation against the Lead Plaintiff, Class Members or their attorneys.

16. The Released Parties' claims, arising out of the matters giving rise to this Litigation, if any, against the Lead Plaintiff, Class Members or their attorneys, are hereby comprised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

17. Neither the Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    a. Offered in evidence as proof of liability or a presumption, concession or an admission by any of the Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Complaint, or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties; or

    b. Offered or received in evidence as proof of a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Parties or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Settlement; or

    c. Construed as a concession or an admission that the Lead Plaintiff or the Class Members have suffered any damage; or

    d. Construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiff or the Class Members or any of them, that any of their claims are without merit.

  18. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement and this Judgment.

  19. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

  20. The Court finding that no reason exists for delay in ordering the final judgment pursuant to Federal Rule of Civil Procedure 54(b), this Judgment shall be entered forthwith.

  21. The parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of, the Settlement, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the right of Class Members under the Settlement.

**IT IS SO ORDERED.**

Dated: February 20, 2020  _____
             John A. Kronstadt
             United States District Judge